**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ROSITA GEORGE, | No. 25-4074 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-08102-DGC |
| v. | |
| UNITED STATES OFFICE OF NAVAJO AND HOPI INDIAN RELOCATION, an administrative agency of the United States, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted June 8, 2026**
San Francisco, California

Before: GOULD, NGUYEN, and VANDYKE, Circuit Judges.

Rosita George, a member of the Navajo Nation, appeals the district court's

grant of summary judgment to the United States Office of Navajo and Hopi Indian

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Relocation ("ONHIR") affirming ONHIR's denial of her application for relocation benefits and dismissing her breach of trust and due process claims for lack of jurisdiction. We affirm in part and dismiss in part.

We reverse ONHIR's determination only if its decision was arbitrary, capricious, or unsupported by substantial evidence. 5 U.S.C. § 706(2). To be eligible for relocation benefits, George has the burden of establishing she was a head of household on or before July 7, 1986. 25 C.F.R. §§ 700.147(b), (e). A single applicant can constitute a household if she shows that she "actually maintained and supported" herself. 25 C.F.R. § 700.69(a)(2). Although the regulations do not specify an income, ONHIR has recognized an applicant who earns at least $1,300 per year can make a prima facie showing of self-supporting status. *See Ambrose v. Off. of Navajo & Hopi Indian Relocation*, 2022 WL 3921115, at *3 (D. Ariz. Aug. 31, 2022).

1. Substantial evidence supports the independent hearing officer's ("IHO") finding that George did not attain head-of-household status by July 7, 1986. The record does not reflect George earning at least $1,300 in 1984 or 1985, and her total corroborated earnings[1] from January 1 to July 7, 1986 were less than $1,300. In calculating her earnings, the IHO considered George's job with

---

[1] ONHIR has stated different calculations for George's earned income for this time period, but each of those calculations was less than $1,300.

Coconino County per our instructions. *See George v. Off. of Navajo & Hopi Indian Relocation*, 825 Fed. App'x 419, 420–21 (9th Cir. 2020) [*George I*].

George argues that the IHO should have combined her undocumented wage from the kachina dolls and lamps with her documented wages to meet the $1,300 presumption. But substantial evidence supported the IHO's finding that George's claimed income from kachina dolls and lamps was not credible. Despite ONHIR notifying George that she needed to obtain corroborating evidence regarding those sales, George did not submit any records for the sales of kachina dolls and lamps. And contrary to George's contentions, the IHO found this alleged income not credible in part because of inconsistencies between George's testimony and the record—not solely because it was undocumented "traditional work." For example, although George submitted documents under penalty of perjury that she worked full-time at Arby's in Flagstaff in 1985 and 1986, she testified to working at least forty hours per week selling kachina dolls and lamps in Arizona and neighboring states from June 1985 to June 1986. Her testimony also contradicted a letter she submitted stating that she sold kachina dolls "for two or so years." And George provided inconsistent testimony and evidence about how much she made from the sales. Given this "conflicting information" and "absence of any documentation," substantial evidence supports the IHO's finding that absent documentation, George's testimony was "not credible as related to her alleged 'self-employment'

25-4074

or other alleged work selling Kachina Dolls."

Substantial evidence also supports the IHO's finding that George's aunt's testimony regarding the sale of the kachina dolls and lamps was not credible. Her testimony differed from George's regarding the duration of George's employment and how much money they received. And given George's aunt testified that she didn't remember certain things because "[t]hat's too far in the past," the IHO also reasonably found that her testimony was "vague," and lacked "specific, reliable information." Absent George's and her aunt's testimonies, there was no evidence to substantiate George's alleged income from selling the kachina dolls and lamps.

The IHO also did not treat the $1,300 as an "absolute rule." In finding that George did not actually maintain and support herself, the IHO noted that George's employment was all "temporary in duration." And apart from her income, the IHO considered George's testimony that when she lived with her extended family in Flagstaff, her "sister provided everything for us" and George did not pay for food or rent. Although George stopped living with her extended family and moved in with a friend in Flagstaff in June 1986, the IHO reasonably found her testimony not credible because George was inconsistent about how long she lived there. And more importantly, the IHO reasoned that this evidence did not show George was a head-of-household because she did not testify or provide any evidence that she "supported herself by paying living expenses" like rent while living with her

friend.

Per our instructions, the IHO also considered that George was not listed as a dependent on her father's relocation benefits. *See George I*, 825 Fed. App'x at 421. The IHO reasonably found, however, that because the benefits were awarded in May 1987, the fact that George was not considered a dependent was "not determinative as to whether Ms. George was self-supporting almost a year earlier on July 7, 1986." And although George sometimes used her money to buy toiletries and groceries for her parents when she went home for visits, the IHO reasonably found that there was no evidence or testimony that her parents depended on these deliveries. Indeed, George's aunt testified that George brought groceries to her parents because "there's no grocery stores" near them. Moreover, IHO found that this support was not comparable to the ongoing support George's sister provided to George, so this evidence did not show that George was self-supporting.

Ultimately, the IHO's decision thoroughly considered all the evidence and explained why he found it insufficient to show that George was self-supporting by July 7, 1986. Although the evidence here may be "susceptible of more than one rational interpretation," substantial evidence supports ONHIR's findings. *See Bear Lake Watch, Inc. v. FERC*, 324 F.3d 1071, 1076 (9th Cir. 2003).

2.      George contends the IHO did not follow proper procedures on remand.  George argues that "[r]ather than weighing and considering" George's evidence regarding the sale of kachina dolls and lamps, the IHO found her testimony not credible due to "minor inconsistencies."  IHO was allowed, however, to consider any inconsistencies in weighing the credibility of George's testimony, and the inconsistencies regarding how much George made selling kachina dolls and lamps were not minor because they relate to whether she earned enough to attain head of household status.

In our prior decision, we did not hold that the IHO's credibility finding was inherently erroneous—only that "George's application and testimony on appeal were not limited to evidence about George's income from the sales of Kachina dolls" so "the hearing officer erred in failing to evaluate any of the evidence other than the testimony about the income from selling Kachina dolls."  *See George I*, 825 Fed. App'x at 420–21.  We "express[ed] no view as to the proper outcome on remand" and directed the agency to "weigh[] and consider[] this evidence *in the first instance*."  *Id.* at 421 (emphasis added).[2]  It was therefore not an error for the IHO, after considering all the evidence in the record, to find George's testimony

[2] George also contends that we found that she was a "door-to-door salesperson" so the IHO erred by not finding the evidence regarding her sales credible.  But we made no such finding and only acknowledged that George "noted [this evidence] in her application."  *George I*, 825 Fed App'x at 420.

not credible regarding sales of kachina dolls and lamps. For the same reason, it was not an error for the IHO to consider that George was not listed as a dependent in her father's relocation benefits but finding that this was "not determinative" to whether George was self-supporting "almost a year earlier on July 7, 1986." Ultimately, the IHO considered evidence in the record aside from George's testimony regarding the kachina dolls and lamps per our instructions.

3.      George claims that ONHIR caused undue delay, breached its trust obligations, and violated her Fifth Amendment due process rights by delaying action to determine her benefits eligibility status. Because George never raised her due process claim in the administrative proceedings below, we lack jurisdiction to review that claim. *See Howard v. FAA*, 17 F.3d 1213, 1219 (9th Cir. 1994).

Regarding her undue delay and breach of trust claims, George did not bring these claims before ONHIR in her initial appeal or in her argument brief on remand. George raised these claims for the first time before the agency in her request for reconsideration after the IHO's decision on remand. These issues should have been raised before that stage to allow for the agency to properly rule on them before the decision on remand. Because there is ultimately no final agency action on these issues, we lack jurisdiction to review these claims as well. *See id.*

**AFFIRMED in part; DISMISSED in part.**